UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES VAN WINKLE, Individually, | § § § | |
| Plaintiff, | § § | CASE NO. _____ |
| vs. | § § | |
| MACY'S RETAIL HOLDINGS, INC., a New York Corporation, | § § § | NO JURY |
| Defendant. | § § § | Magistrate Requested |

## PLAINTIFF'S ORIGINAL COMPLAINT
### (Injunctive Relief and Damages Demanded)

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, JAMES VAN WINKLE, on his behalf and on behalf of all other mobility impaired individuals similarly situated ("Plaintiff"), and hereby sues the Defendant, MACY'S RETAIL HOLDINGS, INC., a New York Corporation ("Defendant"), for Injunctive Relief, and attorney's  fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and for declaratory relief and damages pursuant to the Texas Human Resource Code, Section 121.003, et seq.

### COUNT I

### VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12181, et seq.

#### I.  PARTIES

1.  Plaintiff, JAMES VAN WINKLE, is an individual residing in Harris County, Texas.

2.  Defendant's property, MACY'S, a department store, is located at Pasadena Town

Square Mall, 1101 East Southmore Avenue, Pasadena, TX  77502, in the County of Harris.
Defendant can be served at 7 West Seventh Street, Cincinnati, OH  45202.

## II.  JURISDICTION AND VENUE

3.     This Court has original jurisdiction in this action.  This Court has been given
original jurisdiction over actions arising from the Defendant's violations of Title III of the
Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and §
2202.

4.     This Court has supplemental jurisdiction over Plaintiff's State Court claim,
pursuant to 28 U.S.C. 1367.

5.     Venue is properly in the United States District Court for the Southern District of
Texas, Houston Division, because venue lies in the judicial district of the property situs. The
Defendant's property is located the Southern District of Texas and the Defendant conducts
business within this judicial district.

## III.  STATUTORY BACKGROUND

6.     On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990,
establishing important civil rights for individuals with disabilities, including the right to full and
equal enjoyment of goods, services, facilities, privileges, and access to places of  public
accommodation.

7.     Among other things, Congress made findings in 42  U.S.C.  § 12101 (a)(1)-(3),
(5) and (9) that included:

a.     Some 43,000,000 Americans have one or more physical or mental
disabilities, and this number is increasing as the population as a whole is growing older;

b.     Historically, society has tended to isolate and segregate individuals with

disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c.      Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

d.      Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

e.      The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

8.      Congress also explicitly stated in 42 U.S.C. §12101 (b)(1)(2) and (4)  that the purpose of the Americans with Disabilities Act was to:

a.      Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

b.      Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

c.      Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

9.      Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

10.     Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

## IV.  THE PARTIES AND STANDING

11.     Plaintiff JAMES VAN WINKLE is sui juris and qualifies as an individual with disabilities as defined by the ADA.  Mr. Van Winkle sustained a spinal cord injury and uses a wheelchair to ambulate. While at the Defendant's property, the Plaintiff encountered architectural barriers that endangered his safety.  JAMES VAN WINKLE visited the property which forms the basis of this lawsuit and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property.

12.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

4

13.     Defendant owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as MACY'S, and is located at Pasadena Town Square Mall, 1101 East Southmore Avenue, Pasadena, TX  77502, in the County of Harris.

14.     JAMES VAN WINKLE has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. JAMES VAN WINKLE desires to visit MACY'S not only to avail himself of the goods and services available at the properties but to assure himself that these properties are in compliance with the ADA so that he and others similarly-situated will have full and equal enjoyment of the properties without fear of discrimination.

15.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

## THE INSTANT CLAIM

16.     The Defendant has discriminated and  is continuing to discriminate against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of MACY'S has shown that violations exist. These violations observed or encountered by Mr. Van Winkle include, but are not limited to:

**Entrance Access and Path of Travel**

a.      The plaintiff could not traverse through areas of the facility as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG, whose resolution is readily achievable.

b.      There are doors in a series at the facility are with less than the prescribed minimum clearances, in violation of Section 4.13.6 and 4.13.7 of the ADAAG, whose resolution is readily achievable.

**Access to Goods and Services**

a.      The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

b.      The plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG, whose resolution is readily achievable.

**Public Restrooms**

Men's restroom

a.      The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG, whose resolution is readily achievable.

b.      The plaintiff had difficulty using the toilet as it was mounted too low. Violation: The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG, whose resolution is readily achievable.

c.      The plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide hardware that complies with the ADAAG, whose resolution is readily achievable.

d.      The plaintiff had difficulty using the side grab bar as it was mounted too close to the toilet paper dispenser. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG, whose resolution is readily achievable.

e.      The plaintiff could not use the toilet stall without assistance as the required turning space is not provided: Violation: The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG, whose resolution is readily achievable.

       f.       The plaintiff had difficulty using the rear grab bar as it was not mounted at the required location. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6, Figure 30 (a) and 4.26 of the ADAAG, whose resolution is readily achievable.

17.      All of the foregoing violations are violations of the 1991 Americans With Disabilities Act Guidelines, and the 2010 Standards for Accessible Design (ADAAG), as adopted by the U.S. Department of Justice.

18.      The discriminatory violations described in paragraph 16 are not an exclusive list of the Defendant's ADA violations. Plaintiff will require further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

19.      The individual Plaintiff, and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of, the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

20.      Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable

modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR  36.402; and finally if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22.    Appendix A to Part 36 - Standards for Accessible Design (28 CFR Part 36, App. A) sets out guidelines  for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

23.    Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24.    Notice to Defendant is not required as a result of the Defendant's failure to cure

the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

25.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

26.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff Injunctive Relief including an order to alter MACY'S to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.§ 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF TEXAS STATE LAW AGAINST DISCRIMINATION

27.     Plaintiff re-alleges and re-avers all prior allegations of this Complaint, as if fully contained herein.

28.     Section 121.003 of the Texas Human Resources Code prohibits discrimination on the basis of disability.  Such discrimination includes, *inter alia*: refusing to allow a person with a disability the use of or admittance to a public facility;  failing to comply with the requirements of the Texas Architectural Barriers Act (recodified at Tex. Gov't Code §469.001, *et seq.* as Elimination of Architectural Barriers);  failing to make reasonable accommodations in policies, practices and procedures;  or failing to provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility.

29.     The facility owned and/or operated by Defendant is a "public facility" per the definition contained in Section 121.002(5) of the Texas Human Resources Code.

30.     Section 121.004 of the Texas Human Resources Code provides that any person , firm, association, corporation, or other organization that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties.

31.     Section 121.004 of the Texas Human Resources Code further provides that a person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction and conclusively presumes damages in the amount of at least $100.00.

32.     Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject property in derogation of the Tex. Hum. Res. Code §121.003.

33.     The Plaintiff has been unable to and continues to be unable to fully and safely enjoy the benefits of the goods and services offered at the subject property, in violation of the ADA and the Texas Architectural Barriers Act.

34.     Defendant is in violation of the Texas Architectural Barriers Act (Tex. Gov't Code §469, *et. seq.*) and is discriminating against the Plaintiff as set forth herein.

**WHEREFORE,** the Plaintiff demands judgment against Defendant as follows:

a.     That the Court declare that the property owned and administered by Defendant is violative of Tex. Hum. Res. Code §121.003;

b.     That the Court award compensatory damages to Plaintiff in such an amount as the Court deems just and proper;

c.     That costs be taxed to Defendant; and

d.     That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted this ____ day of _____, 2015.

Ronald J. Smeberg, Esq.
**THE SMEBERG LAW FIRM, PLLC**
Texas Bar No. 24033967
*Co-Counsel for Plaintiff*
2010 West Kings Highway
San Antonio, Texas  78231
(832) 605-6769 - telephone
(281) 293-9902 - facsimile
ronaldsmeberg@yahoo.com

11

and
John P. Fuller, Esq., Lead Attorney
**FULLER, FULLER AND ASSOCIATES, P.A.**
Florida Bar No. 0276487
Southern District of Texas Admission #578081
*Co-Counsel for Plaintiff*
12000 Biscayne Blvd., Suite 502
North Miami, FL  33181
(305) 891-5199 - telephone
(305) 893-9505 - facsimile
jpf@fullerfuller.com